729 A.2d 522 (1999)
Edward C. GRAUER, Plaintiff,
v.
NORMAN CHEVROLET GEO, Defendant.
Superior Court of New Jersey, Law Division, Special Civil Part, Monmouth County.
Decided July 27, 1998.
*523 Scott M. Kelly, Long Branch, for plaintiff.
George A. Prutting, Jr., Audubon, for defendant.
MARK A. SULLIVAN, Jr., J.S.C.
Presently before the court are two motions for summary judgment, one by defendant to dismiss the complaint and one by the plaintiff.
The allegations of the complaint are that plaintiff observed a sign outside of defendant's car dealership that said "96 Prizm, $185 month, zero down." Plaintiff further alleges that he was misled by this sign into believing he could purchase a 1996 Prizm for that price, that he went into the showroom to attempt to do so and was advised that he could not purchase the vehicle for that price because it was a "lease" price. He therefore claims damages under the Consumer Fraud Act. N.J.S.A. 56:8-2.
Defendant moves for summary judgment arguing that the Consumer Fraud Act establishes two categories of prohibited acts, affirmative acts and acts of omission. Defendant further argues that the facts described above do not constitute an affirmative act since there are no actual misstatements on the sign; it did not say "purchase", "buy" or "for sale." Acts of omission violate the Consumer Fraud Act only when they are done with fraudulent intent. Therefore, defendant argues that, since plaintiff has produced no evidence of fraudulent intent whatsoever, the facts alleged do not rise to a violation of the Act. Defendant further points out that even common law fraud requires proof of intent.
In his cross-motion for summary judgment plaintiff cites N.J.A.C. 13:45 A-26A.6 as follows:
(a) In any advertisement offering a new or used motor vehicle for lease, at an advertised price, the following information shall be included: 1. That the transaction advertised is a lease; 2. The amount of any payment required at the inception of the lease or that no payment is required if that is the case; 3. The number, amounts, due dates or periods of scheduled payments and the total of such payments under the lease; 4. A toll-free number that may be used by consumers to obtain the information required under (f) below; and 5. The business name and, if an individual dealer, the address of the advertiser.
He argues that, since the sign in question does not contain all the information required by the regulation, there is a per se *524 violation of the Consumer Fraud Act pursuant to Cox v. Sears Roebuck, 138 N.J. 2, 647 A.2d 454 (1994). That case holds that violations of state regulations are violations of the Consumer Fraud Act even if there is no damage.
Plaintiff correctly reads Cox, supra, as to regulation violations constituting per se consumer fraud. There are some factors, however, that distinguish the case before us from Cox. In that case there were two parties, Cox and Sears Roebuck. Sears' renovation of Cox's kitchen without getting a permit, gave rise to a cause of action by Cox. However, when a merchant places a sign visible to the general public that violates a regulation, in whom does it create a cause of action? Neither logic nor common sense would allow us to conclude that everyone who sees this sign possesses a grievance. The cause of action is created only as to bona fide consumers of the product. The concept that the Consumer Fraud Act applies only to consumers is not new. The Appellate Division so held in Hundred East Credit Corp. v. Eric Schuster Corp., 212 N.J.Super. 350, 355, 515 A.2d 246 (App.Div.1986) and Coastal Group, Inc. v. Dryvit Systems, 274 N.J.Super. 171, 179-80, 643 A.2d 649 (App. Div.1994) It is true that the court's concern in those cases was to distinguish "consumer" from "non-consumer" businesses. However, the concern is no less serious in distinguishing bona fide consumers from unaffected members of the general public.
In the present case there is evidence that plaintiff never intended to buy the vehicle in question. He was equipped with a tape recorder when he went into the dealership and recorded the conversation with the salesperson. The inference that may be drawn from this is that he was aware that the sign was not intended to advertise a vehicle for sale and that he was attempting to "set up" the defendant for this suit. At the very least, there is a factual issue for trial as to whether plaintiff was a bona fide consumer before the court even reaches the question of a per se violation of the act.
As to defendant's motion for summary judgment the concept of per se violation of the Consumer Fraud Act is more significant. If the plaintiff was a bona fide consumer and if the State regulations on advertising were violated then neither intent nor affirmative misstatements are required. Cox v. Sears Roebuck, supra at 18, 647 A.2d 454.
It thus appears that both motions for summary judgment will have to be denied and the matter listed for trial.